in his opinion there was no attempt to conceal or misrepresent the facts of the case. Upon the entire record it was held that there was no intent to defraud the revenue of the United States, conceal, or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted.

No. 50252.—Protests 978212–G, etc., of S. Blechman & Sons, Inc., et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JUNE 13, 1945

No. 50253.— Protest 116240–K of French Line, Inc., as general agent for War Shipping Administration (New York).

Opinion by CLINE, J. There was nothing in the record to show that a written notice of abandonment was filed with the collector within 30 days after the date of entry. When the case was called for trial there was no appearance on behalf of the plaintiff. An examination of the record failed to disclose sufficient evidence to overcome the presumption of correctness attaching to the collector's decision. The protest was therefore overruled.

No. 50254.— Protest 69025–K of S. A. Winther (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the merchandise is similar in all material respects to that passed upon in Abstracts 36724 and 38185, which records were incorporated herein. In accordance therewith it was held that the collector should compute the duty upon the basis of the net weight of the cheese as shown by the weigher, less 1 ounce per loaf for tare of paper or foil or both. The protest was sustained to this extent.

No. 50255.—Protest 3722–K of California Ship Supply Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the merchandise is similar in all material respects to that passed upon in Abstracts 36724 and 38185, which records were incorporated herein. In accordance therewith it was held that the collector should compute the duty upon the basis of the dutiable value obtained by multiplying the appraised unit of value, plus packing when not included, by the net weight of the cheese as shown by the weigher, less 1 ounce per loaf for tare of paper or foil covering or both. The protest was sustained to this extent.

No. 50256.—Protests 54496–K, etc., of Inter-Maritime Forwarding Co., Inc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50257.**—Protests 61227–K, etc., of Manhattan Novelty Co. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JUNE 14, 1945

**No. 50258.**—Protests 65128–K, etc., of Garden State Tanning Co. et al. (New York).

Opinion by Oliver, P. J. It was stipulated that the merchandise is similar in all material respects to the hides involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807). In accordance therewith the claim at 10 percent under paragraph 1530 (a) was sustained.

BEFORE THE THIRD DIVISION, JUNE 14, 1945

**No. 50259.**—Protest 989751–G of California Ship Supply Co. (Los Angeles).

Opinion by Keefe, J. It was stipulated that the merchandise in question consists of Edam cheese similar in all material respects to that passed upon in Abstracts 42146 and 42309, which records were incorporated herein. In accordance therewith it was held that an allowance of 1 percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the foreign substance on the outside. The protest was sustained to this extent.